# SYLLABI

### No. 799

### SLANINA v. INDUST. COM.

Ohio Supreme Court.

No. 20549. Decided Nov. 9, 1927.

1283. WORKMEN'S COMPENSATION — 28. Act of God.—Employe, in discharge of duties, injured by tornado. Where duties do not expose him to special danger from elements, not entitled to compensation.

Certified by Lorain Co. Appeals.

Judgment affirmed.

DAY, J.

In case an employe, in the discharge of the duties of his employment, is injured as a result of the unexpected violence of the forces of nature, to wit, "a destructive tornado," where his duties do not expose him to a special or peculiar danger from the elements which caused the injury, greater than other persons in the community, such employe is not entitled to compensation under the Workmen's Compensation Act. (Fassig v. State, ex rel., 95 Ohio St., 232, Industrial Commission v. Weigandt, 102 Ohio St., 1, approved and followed.)

(Allen Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

### No. 800

### INDUST. COM. v. HILHORST

Ohio Supreme Court.

No. 20365. Decided Nov. 9, 1927.

631. INDUSTRIAL COMMMISSION. 85. Appeals. — 1104. Statutes.—1. Portions of 1465-90 GC., enacted in 109 O. L. 296, held inconsistent and irreconcilable with other portions of same act.

2. Where different provisions of same act are in irreconcilable conflict, one most in harmony with purpose must prevail.

Certified by Hamilton Co. Appeals.

Judgment affirmed.

ALLEN, J.

1. That portion of Section 1465-90, General Code, as enacted in 109 Ohio Laws, 296, which provides that upon a trial of an appeal from a final order of the Industrial Commission denying a claim for compensation for injuries sustained in the course of the claimant's employment, the right of the claimant shall be determined "upon such evidence contained in the record and no other evidence," is so inconsistent with the provision in the same section that the claimant shall be "entitled to a trial in the ordinary way, and be entitled to a jury if he demands it" that it is irreconcilable therewith.

2. Where different provisions of an act are in irreconcilable conflict, that provision which is most in harmony with the fundamental purpose of the statute must prevail.

(Marshall, CJ., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

### No. 801

### STANTON, Pros. Atty. v. FRANKEL BROS. REALTY CO.

### SAME v. TAX COM. (5 Cases)

Ohio Supreme Court.

Nos. 20480 and 20491 to 20505, Inc.

Decided Nov. 9, 1927.

1158. TAX COMMISSION—85. Appeals— 1277. Words and Phrases—941. Practice and Procedure—465. Error Proceedings.—1. Any complainant has right to appeal from board of revision to tax commission. Word "of," in amendment of 5610 GC. on June 5, 1919, held to mean "or."

2. Proceeding in error from Tax Commission requires Common Pleas, when requested, to call witnesses and consider other evidence in addition to transcript. Word "may" in statute regarded as imperative. Duty of court to review entire record and exercise independent judgment.

Error to Cuyahoga Appeals.

Judgment affirmed.

MARSHALL, CJ.

1. Section 5610 of the General Code, before the amendment of June 5, 1919, provided: "An appeal from the decision of a county board of revision may be taken to the tax commission of Ohio * * * by the county auditor or any complainant * * * ." In amending that section the General Assembly changed the word "or" to "of" without intending so to do. In construing the statute as amended, in order to effect the obvious intent of the Legislature and to avoid inconsistency, the court will substitute the word "or" for the word "of" thereby giving to "any complainant" the right to appeal from the board of revision to the tax commission.

2. A proceeding in error filed in the court of common pleas to obtain a reversal, vacation or modification of an order of the tax commission and to determine the true value in money of property therefore determined by the tax commission, requires that the court shall call witnesses and consider other evidence in addition to the transcript in the hearing before the tax commission, when requested to do so by the plaintiff in such error proceeding. That statute confers authority to perform an act which the public interest demands and the word "may" will therefore be regarded as imperative.

3. Upon a petition in error being filed in the court of common pleas from the tax commission of Ohio, it is the duty of the court to review the entire record made before the tax commission and to exercise an independent judgment upon all the issues both of law and fact determined by the tax commission.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)